IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

*ISMIE MUTUAL INSURANCE COMPANY,*

*Plaintiff,*

v.

*OUMAIR AEJAZ, M.D.,
JANE DOE NO. 1, and JANE DOE NO. 2,*

*Defendants.*

**COMPLAINT FOR DECLARATORY JUDGMENT**

**EXHIBIT C**

# SOUTHEAST MICHIGAN PHYSICIANS' INSURANCE COMPANY, LTD

One Towne Square  
Suite 1100  
Southfield, MI 48076

Phone: (248) 945 5394  
Fax: (248) 945 5410

## ADVICE OF INSURANCE
## PROFESSIONAL LIABILITY COVERAGE

Date: 08/15/2018

| | |
|---|---|
| Advice Number: | 0870-2330059 |
| Name of Insured: | Academic Internal Medicine Specialists, |
| Insured Provider: | Oumair Aejaz, MD |
| Specialty: | Internal Medicine-(No Surg.) (80257) |
| Coverage Term | 12:01 a.m. 11/01/2018 to 12:01 a.m. 07/01/2019 |
| Primary/Excess Retro | |
| Type of Coverage: | Occurrence |
| | Coverage applies only to claims that take place during the policy period regardless of when they are reported. |
| Master Policy: | SEMPIC-7118-1 |
| Limits of Liability: | $200,000 per claim with $600,000 annual aggregate |

**Coverage Notes**

SHARED DEDUCTIBLE: Coverage is subject to a shared deductible of the first $50,000 of each covered claim as specified in the endorsement executed by NONE

"This insurance has been placed with an insurer that has been issued a limited certificate of authority by the State of Michigan. In case of insolvency, payment of claims may not be guaranteed."

The Advice of Insurance has been issued upon the representations and warranties made in your application. The insurance provided is subject to all the terms and conditions of the appropriate Southeast Michigan Physicians' Insurance Company Master Policies. A copy of the policy(ies) will be made available upon request.

Time states in E.S.T at the address of the Named Insured.

*Laurie Gabriel*  
Authorized Signature

# SEMPIC
*As Underwritten By ISMIE Mutual Insurance Company*

(hereinafter called the "Company")

The Company, in consideration of the payment of premiums, in reliance upon the statements in the Declarations made a part hereof and subject to the limits of liability, exclusions, conditions and other terms of this policy agrees with the <u>Insureds</u> as follows:

PART I  PROFESSIONAL LIABILITY

A.  INSURING AGREEMENT

It is agreed that the Company shall pay on behalf of the <u>Insured</u> all sums which the <u>Insured</u> shall become legally obligated to pay as <u>Damages</u> because of any claim or claims made against the <u>Insured</u> arising out of a <u>Medical Incident</u> that occurred within the <u>Policy Territory</u> and during the <u>Policy Period</u>.

B.  EXCLUSIONS

This insurance does not apply:

(1)  To any obligation for which the <u>Insured</u> or any carrier as its insurer may be held liable under Worker's Compensation, Unemployment Compensation, or Disability Benefit Law or under any similar law.

(2)  To any liability of an <u>Insured</u> directly or indirectly occasioned by, happening through, or in the consequence of, war, invasion, acts of foreign enemies, hostilities (whether war be declared or not), civil war, rebellion, insurrection, revolution, military or usurped power or confiscation, nationalization, requisition or destruction of or damage to property by or under the order of any government (or public or local authority).

(3)  To any liability of an <u>Insured</u> as a member of a <u>Medical Organization</u>, other than a <u>Medical Organization</u> which the <u>Named Insured</u> has named in the Schedule of Insured Medical Organizations submitted by the <u>Named Insured</u> in accordance with Section C of Part I of this policy.

(4)  To any liability of an <u>Insured</u> directly or indirectly occasioned by, happening through, or in consequence of employment by the United States Government or any governmental or public entity, unless such employment is (i) identified in the <u>Insured</u>'s Advice of Insurance, or (ii) pursuant to an agreement or understanding between either Children's Hospital of Michigan, Detroit Receiving Hospital and University Health Center, Harper-Hutzel Hospital, Huron Valley Hospital, Inc., Rehabilitation Institute, Sinai Hospital of Greater Detroit or The Detroit Medical Center and the governmental or public entity employing the <u>Insured</u>.

(5)  To the willful or knowing violation of a penal statute committed by or with the knowledge of an <u>Insured</u>; but this exclusion shall not apply to any <u>Insured</u> who actively took steps to prevent or oppose the violation before it occurred and/or while it was occurring. Any liability resulting from a criminal or fraudulent act by the <u>Insured</u>, whether or not related to <u>Professional Services</u> and whether or not the <u>Insured</u> was charged with or convicted of any such act.

(6)  To any liability arising out of or resulting from either physical abuse, threatened abuse, sexual abuse or licentious, immoral or sexual behavior, whether or not intended to lead to, or culminating in any sexual act, whether caused by an act or omission by, or at the instigation of, or at the direction of, an <u>Insured</u>, his employees, patrons, or any persons whomever, whether under the guise of treatment or otherwise.

(7) To any <u>Physician</u>, <u>Dentist</u>, <u>Podiatrist</u>, <u>Allied Health Professional</u> or other licensee whose professional license or right or privilege to practice his profession in the State of Michigan at the time of a covered <u>Medical Incident</u> is suspended or revoked by a legally constituted and authorized body.

(8) To any liability as an owner, medical director, superintendent, director, trustee or officer of any hospital, sanitarium, clinic with bed and board facilities, nursing home facility, convalescent hospital, laboratory, business enterprise or other entity related to patient care or treatment; but this exclusion shall not apply to laboratory facilities the <u>Insured</u> maintains for testing his own patients.

(9) To any liability of another person or entity which the <u>Insured</u> assumes under a written or oral agreement.

(10) To any liability resulting from any violation of any law or regulation, including but not limited to, unfair compensation, consumer protection or professional licensure laws, or any state or federal law implementing of regulating a patient health benefit program funded wholly or partially by any governmental entity, by the <u>Insured</u>, at the direction of the <u>Insured</u>, or with the <u>Insured's</u> consent, whether or not related to <u>Professional Services</u> and whether or not the <u>Insured</u> was charged with or convicted any such violation.

(11) To any liability resulting from any design, manufacture, assembly, sale, trade or distribution of any product, but not including:
    1) The design or alteration of prosthetic devices designed for exclusive use by the <u>Insured's</u> patient(s) without intent for sale to, or use by, others; or
    2) Development, preparation or dispensing of any drug, serum or other medicine or health care preparation solely and exclusively for the <u>Insured's</u> patients.

(12) To any liability resulting from an incident in which the <u>Insured</u>, or someone for whom the <u>Insured</u> is responsible, altered, destroyed, or partially destroyed any medical or other record for the purpose of concealing and injury, error, omission or responsibility related to a claim, whether or not any criminal proceeding or penalty results.

(13) To any liability resulting from any fees, costs, expenses or other charges attributable to compensation or private legal counsel the <u>Insured</u> may choose to retain to protect the <u>Insured's</u> personal interests, whether or not a conflict or divergence of interest exists or appears to exist between the Company and the <u>Insured</u>.

(14) To any liability resulting from any monetary assessments, required reimbursements, fines or penalties imposed by a governmental regulatory, licensing or administrative agency.

(15) To any liability resulting from any:
    1) Oral or written statement or publication, whether by the <u>Insured</u> or at the <u>Insured's</u> direction with the <u>Insured's</u> knowledge that it is untrue; or
    2) Advertising, publishing, broadcasting, or promotion

(16) To any liability for any incident occurring while the <u>Insured</u> was impaired by or under the influence of drugs not medically prescribed or alcohol.

(17) To any claim or <u>Medical Incident</u> arising out of <u>Professional Services</u> rendered outside of the State of Michigan, unless such <u>Professional Services</u> were identified, approved and listed on the <u>Insured's</u> Advice of Insurance prior to the rendering of such <u>Professional Services</u>.

C. PERSONS INSURED

(1) Persons insured under this policy shall be the following:

(a) A <u>Physician</u>, <u>Dentist</u>, <u>Podiatrist</u>, or <u>Allied Health Professional</u> who is a member of the medical staff of a hospital affiliated with the <u>Named Insured</u> who is named in the schedule submitted by the <u>Named Insured</u> and who is licensed or certified to furnish <u>Professional Services</u>.

(i) A <u>Medical Organization</u> which is named in the schedule of insured medical organizations submitted by the <u>Named Insured</u>, but only with respect to <u>Professional Services</u> rendered by an <u>Insured Physician</u>, <u>Dentist</u>, <u>Podiatrist</u>, or <u>Allied Health Professional</u> described in subsection (a) above who also is an employee of the <u>Medical Organization</u>, or to <u>Professional Services</u> rendered by an employee (other than a <u>Physician</u>, <u>Dentist</u>, <u>Podiatrist</u>, or <u>Allied Health Professional</u> described in subsection (a) above but including <u>Allied Health Professionals</u> who do not elect to purchase separate limits under subsection (a) above or subsection (c) below) of such <u>Medical Organization</u> while acting at the direction of such <u>Insured</u>.

(ii) An employee (other than a <u>Physician</u>, <u>Dentist</u>, <u>Podiatrist</u>, or <u>Allied Health Professional</u> described in subsection (a) above but including <u>Allied Health Professionals</u> who do not elect to purchase separate limits under subsection (a) above or subsection (c) below) of a <u>Medical Organization</u> described subsection (a)(i) above, but only with respect to <u>Professional Services</u> rendered by such employee while acting at the direction of an <u>Insured Physician</u>, <u>Dentist</u>, <u>Podiatrist</u>, or <u>Allied Health Professional</u> described in subsection (a) above.

(iii) The inclusion herein of an <u>Insured Medical Organization</u> and its employees as described in subsections (a)(i) and (ii) above shall not increase the limits of the Company's liability. Such parties shall share in the limits of liability of the <u>Insured Physician</u>, <u>Dentist</u>, <u>Podiatrist</u>, or <u>Allied Health Professional</u> described in subsection (a) above who is also employed by the <u>Medical Organization</u>.

(b) A <u>Medical Organization</u> for which additional premium is paid and which is named in the Schedule of Insured Medical Organizations entitled "Additional Limits" submitted by the <u>Named Insured</u> to the Company, but only with respect to <u>Professional Services</u> rendered by an <u>Insured Physician</u>, <u>Dentist</u>, <u>Podiatrist</u>, or <u>Allied Health Professional</u> described in subsection (a) above who also is an employee of the <u>Medical Organization</u> or to <u>Professional Services</u> rendered by an employee (other than a <u>Physician</u>, <u>Dentist</u>, <u>Podiatrist</u>, or <u>Allied Health Professional</u> described in subsection (a) above but including <u>Allied Health Professionals</u> who do not elect to purchase separate limits under subsection (a) above or subsection (c) below) of such <u>Medical Organization</u> while acting at the direction of such <u>Insured</u>. The inclusion herein of the <u>Medical Organization</u> so named shall provide separate limits of liability to the <u>Insured Medical Organization</u>, equal to that of the <u>Insured Physician</u>, <u>Dentist</u>, <u>Podiatrist</u>, or <u>Allied Health Professional</u> described in subsection (a) above who is employed by such <u>Medical Organization</u>.

(i) An employee (other than a <u>Physician</u>, <u>Dentist</u>, <u>Podiatrist</u>, or <u>Allied Health Professional</u> described in subsection (a) above but including <u>Allied Health Professionals</u> who do not elect to purchase separate limits under subsection (a) above or subsection (c) below) of a <u>Medical Organization</u> described in subsection (b) above, but only with respect to <u>Professional Services</u> rendered by such employee while acting at the direction of an <u>Insured Physician</u>, <u>Dentist</u>, <u>Podiatrist</u>, or <u>Allied Health Professional</u> described in subsection (a) above who is also employed by the <u>Medical Organization</u>.

(ii) The inclusion herein of employees as described in subsections (b)(i) above shall not increase the limits of the Company's liability. Such employees shall share in the limits of liability of the <u>Insured Medical Organization</u> that employs the employee. For avoidance of ambiguity, employees described in subsections (b)(i) shall solely share the limit of the <u>Insured Medical Organization</u> and shall not also share the limit of liability of an <u>Insured Physician</u>, <u>Dentist</u>, <u>Podiatrist</u>, or <u>Allied Health Professional</u> described in subsection (a) above.

(c) An <u>Allied Health Professional</u> for whom additional premium is paid and who is named in the Schedule of Insured Allied Health Professionals submitted by the <u>Named Insured</u>, but only with respect to <u>Professional Services</u> rendered as an employee of an <u>Insured Medical Organization</u> while acting at the direction of an <u>Insured Physician</u>, <u>Dentist</u> or <u>Podiatrist</u> described in

SEMPIC 71XX-1                                           4

subsection (a) above. The inclusion herein of the Allied Health Professional so named shall provide separate limits of liability to the Allied Health Professional, equal to that of the Insured Physician, Dentist, or Podiatrist described in subsection (a) who is employed by the Insured Medical Organization that also employs such Allied Health Professional.

(2) The Named Insured is not afforded coverage under this policy.

PART II   DEFINITIONS

As used in this policy, the following words or phrases have the following specified meanings:

"Allied Health Professional" shall mean any person who is licensed to practice in a profession included on the attached "Schedule of Allied Health Professions".

"Damages" shall mean and include all damages, including damages for death, which are payable because of injury to which this insurance applies.

"Dentist" shall mean any person who is licensed to practice dentistry.

"Insured" shall mean any person or Medical Organization qualifying as an Insured under the Persons Insured provisions of Section C of Part I of this policy.

"Medical Incident" shall mean any act or omission in the furnishing of Professional Services. Any such act or omission together with all related acts or omissions in the furnishing of Professional Services to any number of persons, regardless of the period of time over which such Professional Services were performed, shall be considered one Medical Incident. For the purpose of determining the limits of the Company's liability, any claim or claims arising out of any such Medical Incident, including without limitation claims by a spouse, children or other next of kin of such person or persons, or claims by a third party for Damages arising out of Professional Services to such person or persons, shall be considered one claim under this policy.

"Medical Organization" shall mean a medical partnership, medical corporation, medical limited liability company or other similar organization through which physicians, dentists, podiatrists, or allied health professional provide Professional Services.

"Named Insured" shall mean the entity listed as the Named Insured on the Declarations Page made a part of this policy.

"Physician" shall mean any person who is licensed to practice allopathic or osteopathic medicine.

"Podiatrist" shall mean any person who is licensed to practice podiatric medicine.

"Policy Period" means the period commencing on the date and time specified on the Declarations page and expiring on the earliest of (i) the expiration or termination of this insurance policy, (ii) the Insured's termination of association with the Named Insured, or (iii) the date on which the Insured is no longer Insured under the insurance policy.

"Policy Territory" shall mean anywhere in the world provided any suit for Damages is brought within the United States of America, its territories or possessions or Canada.

"Professional Services" shall mean:

(a) medical, surgical, dental or nursing treatment or services including the furnishing of food or beverage in connection therewith;

SEMPIC 71XX-1                                                                 5

  (b)  furnishing or dispensing of drugs or medical, dental or surgical supplies or appliances;

  (c)  handling of or performing post-mortem examinations on human bodies; and

  (d)  medical record services, including release of medical records.

PART III CONDITIONS

1. LIMIT OF LIABILITY

  Regardless of the number of <u>Insureds</u> under this policy or such other policies hereinafter described, the Company's liability is as follows:

  (a)  The limit of liability stated on the Declarations Page applicable to each claim is the limit of the Company's liability for <u>Damages</u> arising out of each claim or suit covered under this policy and endorsements attached hereto. Such limit of liability shall apply separately to each natural person as an <u>Insured</u> and is the limit of the Company's liability for loss, resulting from any one claim or suit or all claims or suits covered under this policy relating to a <u>Medical Incident</u>, regardless of the number of claimants.

  (b)  The limit of liability stated on the Declarations Page as aggregate per <u>Insured</u> is the limit of the Company's liability for <u>Damages</u> arising out of all claims or suits covered under this policy in respect of any one natural person as an <u>Insured</u>.

  (c)  The inclusion herein of one or more insured medical organizations in accordance with Section C(1)(b) of Part I of this policy shall not increase the limits of the Company's liability applicable to each claim or as Policy Aggregate per <u>Insured</u>.

2. INSURED'S DUTIES IN CASE OF EVENT, CLAIM OR SUIT

  (a)  If a claim is made or a suit is brought against any <u>Insured</u>, written notice containing particulars sufficient to identify the <u>Insured</u> and also reasonably obtainable information with respect to time, place, and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the <u>Insured</u> to the Company or the designated agent of the Company as soon as practicable.

  (b)  If a claim is made or a suit is brought against any <u>Insured</u>, the <u>Insured</u> shall immediately forward to the Company or the designated agent of the Company every demand, notice, summons or other process received by him or his representative.

  (c)  Upon the request of the Company or the designated agent of the Company, the <u>Insured</u> shall:

    (1)  Assist in making settlements;

    (2)  Assist in the conduct of suits, including the compilation, submission and preparation of documents required by statute, legal rule or court proceedings;

    (3)  Assist in securing and giving evidence and obtaining the attendance of witnesses for court proceedings;

    (4)  Attend depositions, hearings and trials; and

    (5)  Endorse and assign in favor of the Company any right of contribution or indemnity against any person or organization which may be liable to the <u>Insured</u> because of injury

      (d)    or damage with respect to which insurance is afforded under this policy or subsequent renewals hereof.

(d) The Company shall have the exclusive right, duty, and obligation to handle and defend any claim or suit against an <u>Insured</u> with respect to which insurance is afforded by this policy. The <u>Insured</u> shall cooperate with the Company, furnish it with such information as it shall require concerning the status of all claims and litigation and follow its instructions, should any be issued with respect thereto. In the conduct of the defense of any suit the <u>Insured</u> shall, at the Company's discretion, take steps to enforce any right of contribution or indemnity against any person or organization who may be liable to the <u>Insured</u>.

(e) Failure to comply with this condition on a timely and meaningful basis may result in forfeiture of all coverage under this policy, in addition to any other rights the Company may have for breach of a condition herein.

3. ACTION AGAINST COMPANY

No action shall lie against the Company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy, nor until the amount of the <u>Insured</u>'s obligations to pay shall have been finally determined either by judgment against the <u>Insured</u> after actual trial or by written agreement of the Company and the claimant. No person or organization shall have any right under this policy to join the Company as a party to any action against the <u>Insured</u> to determine the <u>Insured</u>'s liability, nor shall the Company be impleaded by the <u>Insured</u> or his legal representative. Bankruptcy or insolvency of the <u>Insured</u> or of the <u>Insured</u>'s estate shall not relieve the Company of any of its obligations hereunder.

4. OTHER INSURANCE

The insurance afforded by this policy is primary insurance, except when stated to apply in excess of or contingent upon the absence of other insurance. When this insurance is primary and the <u>Insured</u> has other insurance which is stated to be applicable to the loss on an excess or contingent basis, the amount of the Company's liability under this policy shall not be reduced by the existence of such other insurance.

When both this insurance and other insurance apply to the loss on the same basis, whether primary, excess or contingent, the Company shall not be liable under this policy for a greater proportion of the loss than that stated in the applicable contribution provision below:

(a) CONTRIBUTION BY EQUAL SHARES. If all of such other valid and collectible insurance provides for contribution by equal shares, the Company shall not be liable for a greater proportion of any such loss than would be payable if each insurer contributes an equal share until the share of each insurer equals the lowest applicable limit of liability under any one policy or the full amount of the loss is paid, and with respect to any amount of loss not so paid the remaining insurers then continue to contribute equal shares of the remaining amount of the loss until such insurer has paid its limit in full or the full amount of the loss is paid.

(b) CONTRIBUTION BY LIMITS. If any such other insurance does not provide for contribution by equal shares, the Company shall not be liable for a greater proportion of such loss than the applicable limit of liability under this policy for such loss bears to the total applicable limit of liability of all valid and collectible insurance against such loss.

5. SUBROGATION

In the event of any payment under this policy, the Company shall be subrogated to all of the <u>Insured</u>'s rights of recovery therefor against any person or organization. The <u>Insured</u> shall do nothing after loss to prejudice such rights. The <u>Insured</u> shall confer with the Company concerning enforcement of such rights. If the

Company decides that its subrogation rights should be pursued, it shall so advise the Insured who shall then have an obligation to pursue such rights for the benefit of the Company. The Company shall instruct and direct the Insured as to the manner in which it should proceed. The Insured shall adhere to the instructions of the Company and provide it with periodic reports concerning progress of the matter. The Company has the right to control the conduct and disposition of all proceedings pursuant to this paragraph and shall bear all costs and expenses incurred by it, the Insured therein.

6. CHANGES

Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the Company from asserting any right under the terms of this policy; nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy, signed by an authorized representative of the Company.

7. ASSIGNMENT

Assignment of interest under this policy shall not bind the Company until its consent is endorsed hereon.

8. DEFENSE AND SETTLEMENT

Suits or claims shall not be settled or compromised except with the approval of and in accordance with the instructions of the Company should any be issued by the Company with respect thereto.

9. CANCELLATION

Coverage of an Insured under this policy may be cancelled only in the event that the Company receives a written request from the Named Insured directing the Company to cancel coverage with respect to such Insured or in the event of nonpayment of premium or any installment thereof. The Company shall cancel coverage of an Insured hereunder by mailing to the Insured at the address shown on the schedule of insured Physicians, Dentists and Podiatrists written notice stating when thereafter, but in no event less than 10 days thereafter, such cancellation shall be effective unless cancellation results from nonpayment of premium or any installment thereof. The mailing of notice as aforesaid shall be sufficient proof of notice.

If the Company cancels, the earned premium shall be computed pro rata. Earned premium adjustment may be made either at the time cancellation is effected or as soon as practicable after a cancellation becomes effective, but payment or tender of unearned premium is not a condition of cancellation.

10. EXPENSES - COSTS

This policy covers in addition to the applicable limit of liability and not as a part thereof:

(a) All allocated claim expenses incurred by the Insured in any suit defended by the Company, all costs taxed against the Insured in any suit defended by the Company, and prejudgment and post-judgment interest which accrues before the Insured or the Company has paid, tendered or deposited with the court the Company's remaining limit of liability thereon under this policy, but the Company shall only pay prejudgment interest or post-judgment interest on that portion of such judgment which does not exceed the applicable limit of the Company's liability thereon. The Company has no obligation to pay interest (either prejudgment or post-judgment) on settlements, consent judgments or any other stipulated judgments.

(b) Premiums on appeal bonds required in any suit and premiums on bonds to release attachments on any such suit for an amount not in excess of the applicable amount of liability of this policy, but

        the Company shall have no obligation to apply for or furnish any such bond; and

    (c)    Reasonable expenses incurred by the <u>Insured</u> at the Company's request in assisting in the investigation or defense of any claim or suit.

11.    DECLARATION

By acceptance of this policy, each of the <u>Insureds</u> agree that the statements and declarations are its agreements and representations; that this policy is issued in reliance upon the truth of such representations; representatives relating to this insurance.

IN WITNESS WHEREOF the Company has caused this policy to be signed by its Authorized Representative.

_____
Authorized Representative

ENDORSEMENT #1

NOTICES

It is agreed that any <u>Insured</u> may comply with any provision of this policy requiring notice to the designated agent of the Company in connection with any claim by transmittal of that notice in writing to:

ISMIE Mutual Insurance Company
Claims Division
20 N. Michigan Avenue
Chicago, IL 60602

SEMPIC 71XX-1                                   10

ENDORSEMENT #2

MEDICARE ACCESS AGREEMENT

In the event that the Secretary of Health and Human Services or the Comptroller General of the United States or their representatives determine that this policy is a contract described in Section 1861(v) (1) (I) of the Social Security Act, 42 U.S.C., Section 1395x(v) (1) (I), the Company agrees that until the expiration of four years after the furnishing of services pursuant to this policy, the Company shall make available, upon written request, to the <u>Named Insured</u> or the Secretary of Health and Human Services, or upon request, to the Comptroller General of the United States, or any of their duly authorized representatives, this policy, and all books, documents and records of the Company that are necessary to certify the nature and extent of costs paid by an <u>Insured</u> pursuant to this policy. If the Company carries out any of its duties under this policy through a subcontract with a value or cost of $10,000 or more over a twelve-month period, with a related organization as defined in 42 C.F.R., Section 413.17, such subcontracts shall contain a clause to the effect that until the expiration of four years after the furnishing of such services pursuant to such subcontract, the related organization shall make available, upon written request to the Secretary of Health and Human Services, or upon request to the Comptroller General of the United States, or any of their duly authorized representatives, the subcontract, and all books, documents, and records of such organizations that are necessary to verify the nature and extent of such costs. In the event access to books, documents and records is requested pursuant to this Endorsement, the Company shall immediately notify the <u>Named Insured</u>, and the books, documents, and records shall also be made available to the <u>Named Insured</u>.

ENDORSEMENT #3

LIMITS OF LIABILITY

It is hereby understood and agreed that Limits of Liability provided under this policy are as follows:

a) $100,000 Each Claim/$300,000 policy aggregate per Insured, or
b) $200,000 Each Claim/$600,000 policy aggregate per Insured, or
c) $1,000,000 Each Claim/$3,000,000 policy aggregate per Insured.

as elected by each Insured and evidenced under the Insured's Advice of Insurance.

The limit of the Company's liability shown is the total limit of liability and shall apply separately to each natural person as an Insured.

ENDORSEMENT #4

SUBSTITUTE PHYSICIAN - LOCUM TENENS COVERAGE

It is hereby agreed that subject to the conditions set forth herein, the <u>Physician, Dentist</u> or <u>Podiatrist</u> whose name appears on an Advice of Insurance as "Substitute Physician-Locum Tenens Coverage" is included as an additional <u>Insured</u> under this policy, but only while serving temporarily in the place of an <u>Insured</u> whose name shall also appear on the above-referenced Advice of Insurance. The <u>Named Insured</u> shall maintain a schedule of all such additional <u>Insured</u>s and submit the same to the Company within 30 days after the end of the <u>Policy Period</u> or as soon thereafter as reasonably practicable, specifying periods of absence.

The period of coverage hereunder shall be for claims arising out of a covered <u>Medical Incident</u> occurring during the period of temporary service as stated on an Advice of Insurance issued to the substitute <u>Physician, Dentist</u> or <u>Podiatrist</u>. During periods of absence of the <u>Insured</u>, such coverage as is otherwise available to the <u>Insured</u> under this policy but shall be provided to the locum tenens <u>Physician, Dentist</u> or <u>Podiatrist</u> only at locations within the <u>Policy Territory</u> other than (a) other locations at which the <u>Physician, Dentist</u> or <u>Podiatrist</u> or other employees, contractors, members or partners of the same <u>Medical Organization</u> regularly practice their profession and at which coverage is provided for that <u>Physician, Dentist</u> or <u>Podiatrist</u> under one or more policies of insurance issued by the Company, and (b) locations at which the substitute <u>Physician, Dentist</u> or <u>Podiatrist</u> is substituting for the <u>Insured</u>.

The limits of liability, as they appear on the <u>Insured</u>'s Advice of Insurance, are not increased by this endorsement, nor shall the substitute <u>Physician, Dentist</u> or <u>Podiatrist</u> be entitled to separate limits of liability, but he shall share the limits of liability of the <u>Insured</u> for whom he is substituting.

Nothing herein shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, definitions, agreements, exclusions or limitations of the policy, other than as above stated.

SEMPIC 71XX-1                              13

ENDORSEMENT #5

PART-TIME LIMITED LOCATION COVERAGE

It is hereby understood and agreed that Part I (Professional Liability), Section C (Persons Insured), subpart (1) is amended to add as an Insured under this policy:

> A <u>Physician</u>, <u>Dentist</u>, <u>Podiatrist</u>, or <u>Allied Health Professional</u> who is or was a medical staff member of a hospital affiliated with the <u>Named Insured</u> and who is named in the Schedule of Part-Time Insureds submitted by the <u>Named Insured</u>, but only while furnishing <u>Professional Services</u> at a <u>Scheduled Facility</u> listed on such schedule for such Insured on or after the later of the date coverage becomes effective under this policy for such Insured and the <u>Effective Date</u> for such <u>Scheduled Facility</u>, and prior to the earliest of (i) the <u>Termination Date</u> for such <u>Scheduled Facility</u>; (ii) the expiration or termination of this policy; (iii) the <u>Insured</u>'s termination of association with the <u>Named Insured</u>; or (iv) the <u>Insured</u>'s voluntary election not to be provided coverage by this policy.

As used in this endorsement, the following words or phrases have the following specified meanings.

> "<u>Effective Date</u>" shall mean, as to each <u>Scheduled Facility</u>, that date listed as "Effective Date" on the Schedule of Part-Time Insureds submitted by the <u>Named Insured</u>.
>
> "<u>Scheduled Facility</u>" shall mean, with respect to any <u>Insured</u> named in the Schedule of Part-Time Insureds, any facility listed as being a "Scheduled Facility" for such <u>Insured</u>.
>
> "<u>Termination Date</u>" shall mean, as to each Scheduled Facility, that date listed as "Termination Date" on the Schedule of Part-Time Insureds submitted by the <u>Named Insured</u>.

ENDORSEMENT # 9

DEFENSE COVERAGE FOR PROCESSIONAL LICENSURE DISCIPLINARY PROCEEDINGS

In consideration of the premium paid, it is understood and agreed that the following coverage shall apply for individual Insureds:

**Defense Coverage – Licensure Actions or Disciplinary Proceedings**

1. Subject to the limit of liability set forth below, the Company shall pay on behalf of an individual Insured all legal fees and associated expenses for the defense of formal licensure actions or disciplinary proceedings brought against the Insured by the Board of Medicine or applicable regulatory agency or department responsible for licensing the Insured or regulating the Insured's practice of medicine against. The Company shall have the right to select an attorney to represent an Insured in the defense of any such action or proceeding.

2. The aggregate limit of the Company's liability for the coverage described in this Endorsement is $25,000 per Insured, regardless of the number of actions or proceedings involving the Insured during the Policy Period.

3. This coverage only applies to reasonable legal fees and associated expenses, up to the limit shown above.

4. The Company will not provide reimbursement for:

    a. Any action or proceeding instituted by a state licensing board with respect to payments for services rendered to patients or the refund thereof or with respect to approval of admissions to health care facilities; or
    b. Any action or proceeding related to conduct that is excluded under the body of the Policy.

SEMPIC 71XX-1                                    18

SCHEDULE OF ALLIED HEALTH PROFESSIONS

    Individuals who are licensed to practice in one or more of the professions listed below shall be considered Allied Health Professionals for purposes of this policy.

| Certified Registered Nurse Anesthetist |
| --- |
| Lab Supervisor |
| License Nurse Practitioner |
| Nurse Midwife |
| Physician Assistant |
| Psychologist |
| Registered Nurse |