## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ISMIE MUTUAL INSURANCE
COMPANY,

       Plaintiff,                Case No. 24-13483

v.                            Hon. Denise Page Hood

OUMAIR AEJAZ, *et al*.

       Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [ECF NO. 15]

### I.     INTRODUCTION

Before the Court is Plaintiff ISMIE Mutual Insurance Company's ("ISMIE") motion for default judgment as to Defendants Oumair Aejaz and Jane Doe (2) (collectively, "Defendants"). [ECF No. 15]. Defendants failed to respond or otherwise defend themselves against the allegations set forth in Plaintiff's Complaint. For the reasons stated herein, Plaintiff's motion is granted in part and denied in part.

## II.    BACKGROUND

Plaintiff seeks declaratory judgment as to rights and responsibilities arising from a professional services insurance policy.  Jane Doe (2)[1] sued Dr. Aejaz in the Circuit Court of Macomb County for Invasion of Privacy and Intentional Infliction of Emotional Distress after it was discovered that Dr. Aejaz had taken photos of Jane Doe and others while they disrobed, used the bathroom, and were nude (the "Underlying Macomb County Action"). [ECF No. 1-3]. The Underlying Macomb County Action alleges that Dr. Aejaz captured over 13,000 videos and pictures of patients without their knowledge or consent by placing cameras and/or other devices within medical facilities. [ECF No. 1-3, PageID.82].

ISMIE and Southeast Michigan Physicians' Insurance Company, Ltd. ("SEMPIC") provided professional insurance policies which covered Dr. Aejaz from 2018-2024 (the relevant time period). See ECF No. 1, PageID.16-18. ISMIE contends that the Underlying Macomb County Action does not fall within the insuring agreements of the subject policies for three reasons:

1. The relief sought is not the result of a "Medical Incident" as defined by the subject policies because Plaintiff does not allege any act or omission in the furnishing of "Professional Services,"
2. The relief sought falls within the exclusion to the subject policies for any liability arising out of or resulting from any sexual abuse or any licentious, immoral or sexual behavior, and

---

[1] Jane Doe (1) was terminated by the Amended Complaint. [ECF No. 8]

2

3. The relief sought falls within the exclusion to the policies for the willing or knowing violation of a penal statute committed by an Insured, and for any liability resulting from a criminal act by the insured.

ECF No. 15, PageID.510-11.

The Underlying Macomb County Action does not allege that ISMIE is responsible for the relief sought resulting from Dr. Aejaz's conduct. However, the Underlying Macomb County Action does name ten Doe Corporations as defendants which represent entities that "were responsible for the supervision of Defendant Aejaz while at the Henry Ford Macomb Hospital or were otherwise responsible for protecting the patients at the Henry Ford Macomb Hospital in a manner relevant to the tortious conduct described" within the complaint. [ECF No. 1-3, PageID.87].

ISMIE moves this Court to enter an Order granting its motion for default judgment, declaring that ISMIE/SEMPIC has no duty to defend Dr. Aejaz in the Underlying Macomb County Action, declaring that ISMIE/SEMPIC has no duty to indemnify Dr. Aejaz in the Underlying Macomb County Action with respect to any settlement reached or judgment entered against Dr. Aejaz, and declaring that ISMIE/SEMPIC has no duty to pay any judgment or settlement to Jane Doe or any member of the putative class. [ECF No. 15, PageID.529-30].

## III.   LAW AND ANALYSIS

Federal Rule of Civil Procedure 55 governs entry of judgment by default. Subsection (a) states "[w]hen a party against whom a judgment for affirmative relief

is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once the clerk has entered the default, parties not seeking a sum certain must apply to the court for a default judgment.  Fed. R. Civ. P. 55(b)(2). "Once a default has been entered by the Clerk, the plaintiff's well-pleaded allegations are deemed admitted." *Esurance Prop. & Cas. Ins. Co. v. Lawson*, No. 22-CV-10016, 2022 WL 7454219, at *3 (E.D. Mich. Oct. 13, 2022).

"The Court must determine whether it has jurisdiction over the defendant before entering a judgment by default against a party who has not appeared in the case." *State Farm Fire & Cas. Co. v. Perry*, No. 20-CV-11128, 2021 WL 9183127, at *2 (E.D. Mich. Oct. 27, 2021) *quoting Ford Motor Co. v. Cross*, 441 F. Supp.2d 837, 845 (E.D. Mich. 2006) (internal quotation marks omitted). "The Declaratory Judgment Act, 28 U.S.C. § 2201, does not provide an independent basis for jurisdiction." *State Farm Fire & Cas. Co.*, 2021 WL 9183127 at *2. Instead, it provides courts with discretion to fashion a remedy in cases where federal jurisdiction already exists. *Id*. This matter is appropriately before this Court based on diversity jurisdiction, 28 U.S.C. § 1332(a)(1).

The Declaratory Judgment Act provides, "[i]n a case of actual controversy within its jurisdiction…any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any

4

interested party seeking such declaration[.]" 28 U.S.C. § 2201. "While this Court has jurisdiction under the Declaratory Judgment Act, the Supreme Court of the United States has explained that a district court is under no compulsion to exercise that jurisdiction." *Esurance Prop. & Cas. Ins. Co.*, 2022 WL 7454219 at *4 *quoting Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942). The Sixth Circuit applies two general principles in determining whether a declaratory ruling is appropriate: (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy, giving rise to the proceeding. *Grand Trunk W. R. Co. v. Consol. Rail Corp*., 746 F.2d 323, 326 (6th Cir. 1984). When neither result can be achieved, the court should decline to render the declaration requested. *Id*. The Court considers five factors in making this determination:

> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;" (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Id*.

Two lines of precedent have developed in the Sixth Circuit jurisprudence regarding consideration of the first factor in the context of an insurance company's

suit to determine its policy liability. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 555 (6th Cir. 2008). "One set of cases has concluded that a declaratory relief action can settle the insurance coverage controversy not being addressed in state court, even though it will not help resolve the underlying state court action." *Id*. See *West Am. Ins. Co. v. Prewitt*, 208 Fed.Appx. 393, 396 (6th Cir.2006) (unpublished); *Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 454 (6th Cir.2003). "A different group of cases, however, has found that, while such declaratory actions might clarify the legal relationship between the insurer and the insured, they do not settle the ultimate controversy between the parties which is ongoing in state court." *Id*. See *Travelers Indem. Co. v. Bowling Green Prof'l Assoc., PLC*, 495 F.3d 266 (6th Cir.2007); *U.S. Fire Ins. Co. v. Abex Aluminum, Inc.*, 161 Fed.Appx. 562, 565 (6th Cir.2006) (unpublished); *Bituminous Cas. Corp. v. J & L Lumber Co.,* 373 F.3d 807, 815 (6th Cir.2004); *Omaha Prop. & Cas. Ins. Co. v. Johnson*, 923 F.2d 446, 448 (6th Cir.1991).

This case is in line with the first set of cases. This line of cases contemplates facts where a plaintiff insurance company seeks a declaration of no duty to defend or indemnify the insured and the plaintiff insurance company is not a party to the state court action and neither the scope of the insurance coverage nor the obligation to defend is before the state court. *Id*. at 556, see *Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 454 (6th Cir.2003).

6

As of now, ISMIE is not a named party to the Underlying Macomb County Action. See [ECF No. 8-3]. It is unclear whether ISMIE will become a named party in that matter. This matter involves a legal, not factual dispute and the controversy between ISMIE and Dr. Aejaz can be resolved by the Court's ruling because the only controversy is the scope of the insurance policy. Therefore, *Scottsdale* instructs that this factor should weigh in favor of declaratory relief.

"The second factor in the *Grand Trunk* analysis is closely related to the first factor and is often considered in connection with it." *Scottsdale Ins. Co.*, 513 F.3d at 557. There used to be a split regarding whether the district court's decision must only clarify the legal relations in the matter presented or whether it must also clarify the legal relations in the underlying state action. *State Farm Fire & Cas. Co.*, 2021 WL 9183127 at *3. However, the Sixth Circuit has determined that the concern should be with the "ability of the federal declaratory judgment to resolve, once and finally, the question of the insurance indemnity obligation of the insurer." 513 F.3d at 557. Therefore, the focus is on whether the federal declaratory judgment will clarify the legal relationships presented to the district court. *Id*.

Here, the Court's order will clarify the contractual duties of indemnification owed by ISMIE to Dr. Aejaz. As mentioned above, ISMIE does not have a contractual agreement and no order or judgment by the Court would create an obligation from ISMIE to Jane Doe absent a finding in the state court that Dr. Aejaz

7

is liable to Jane Doe for damages arising from Dr. Aejaz's misconduct. The Court finds that this factor weighs in favor of declaratory judgment against Dr. Aejaz but not against Jane Doe.

The third factor considers whether the use of the declaratory judgment action is motivated by "procedural fencing" or likely to create a race for *res judicata*." 513 F.3d at 558. "The question is ... whether the declaratory plaintiff has filed in an attempt to get her choice of forum by filing first." *AmSouth Bank v. Dale,* 386 F.3d 763, 789 (6th Cir.2004). Courts generally afford plaintiffs the benefit of the doubt that no improper motive fueled the filing of the action when the plaintiff has filed the claim after state court litigation has begun. *Bituminous*, 373 F.3d at 814. "A district court should not deny jurisdiction to a plaintiff who has not 'done any more than choose the jurisdiction of federal rather than state court, a choice given by Congress.'" 513 F.3d at 558 *quoting State Farm Fire & Cas. Co. v. Odom*, 799 F.2d 247, 250 n. 1 (6th Cir.1986).

This action was initiated three months after the underlying Macomb County Action was filed. [ECF No. 8-3]. There is no evidence that this action was motivated by procedural fencing. However, it is unclear whether Dr. Aejaz has asserted as an affirmative defense or elsewhere that ISMIE is liable for any relief sought as his insurer. But even if this defense was asserted, Jane Doe has not added ISMIE as a named defendant in the Underlying Macomb County Action. The Court is inclined

8

to give ISMIE the benefit of the doubt as it appears that ISMIE did not file this matter until it became clear that Dr. Aejaz had no colorable claim to coverage. The Court finds that the third factor does not point toward denying jurisdiction.

The fourth factor considers whether accepting jurisdiction would increase friction between the federal and state courts. "[W]here another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in '[g]ratuitous interference,' if it permitted the federal declaratory action to proceed." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 283, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) quoting *Brillhart*, 316 U.S. at 495, 62 S.Ct. 1173. But "the mere existence of a state court proceeding is not determinative of improper federal encroachment upon state jurisdiction." *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1067 (6th Cir.1987). Courts consider three additional sub-factors:

> (1) whether the underlying factual issues are important to an informed resolution of the case;
>
> (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>
> (3) whether there is a close nexus between underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Bituminous*, 373 F.3d at 814–15 (citing *Scottsdale*, 211 F.3d at 968) (formatting altered).

9

As to sub-factor one, there is no need for this Court to determine the truthfulness of any factual allegation made against Dr. Aejaz before determining whether or not ISMIE provides coverage for particular conduct or whether alleged conduct falls outside the scope of coverage. Therefore, the Court finds that the exercise of jurisdiction is appropriate.

As to sub-factor two, the Macomb County Circuit Court is in no better position than this Court to evaluate the terms or exclusions in the insurance agreements because each forum would apply Michigan state law. "[W]hen an insurance company '[is] not a party to the state court action, and neither the scope of insurance coverage nor the obligation to defend [is] before the state court ... a decision by the district court on these issues would not offend principles of comity.'" 513 F.3d at 560 quoting *Northland*, 327 F.3d at 454. Therefore, the Court finds that the exercise of jurisdiction is appropriate at to this sub-factor.

Sub-factor three asks whether the issue in the federal action implicates important state policies and is more appropriately considered in state court. "The states regulate insurance companies for the protection of their residents, and state courts are best situated to identify and enforce the public policies that form the foundation of such regulation." *Bituminous*, 373 F.3d at 815. However, "no state law or policy would be frustrated by the district court's exercise of jurisdiction, which would require the application of [state] law." *Northland*, 327 F.3d at 454. The Court

10

finds that the exercise of jurisdiction would be appropriate as insurance policies are interpreted in the same way as contracts and Michigan's jurisprudence on contract law is well-settled.

On balance, the Court finds that there is nothing to indicate that this Court's exercise of jurisdiction of this matter would frustrate or cause friction between the federal and state courts.

Lastly, we consider the availability of alternative remedies. Plaintiff could file an indemnity action in the Underlying Macomb County Action. Plaintiff could also file an indemnity action at the conclusion of the state action. This is a fact specific inquiry involving consideration of the whole package of options available to ISMIE. See 2021 WL 9183127 at *4.

Since the matter is before Macomb County, it is fully aware of the entire procedural and factual background of the matter, including defenses asserted by Dr. Aejaz or potential parties to be added as the Doe Defendants. However, given the fact that the Underlying Macomb County Action has been pending for almost nine months and ISMIE has not been added as a defendant shows that it is unlikely that Dr. Aejaz has made any assertion to ISMIE's liability. It is unclear whether ISMIE's liability will be implicated in the Underlying Macomb County Action which makes

it difficult to conclude whether declaratory action in the state court is superior to this federal action.

Given the fact that at least four factors lend itself toward retaining jurisdiction over this matter, the Court finds jurisdiction appropriate.

ISMIE seeks declaratory judgment declaring that Dr. Aejaz is not entitled to coverage under the insuring documents because:

1.  The conduct alleged in the Underlying Macomb County Action does not constitute "Professional Services" and do not arise out of a "Medical Incident" as defined by the Master Policies. [ECF No. 8, PageID.273];

2. The conduct alleged in the Underlying Macomb County Action falls into Exclusion (6) to each of the Master Policies which bars coverage for liability arising out of or resulting from any sexual abuse or any licentious, immoral or sexual behavior, whether or not any such abuse or behavior is intended to lead to, or culminated in, any sexual act, whether under the guise of treatment or otherwise [ECF No. 8, PageID.274];

3. The conduct alleged in the Underlying Macomb County Action falls into Exclusion (5) to each of the Master Policies which bars coverage for any liability resulting from criminal or fraudulent acts by an Insured [ECF No. 8, PageID.275].

The Underlying Macomb County Action alleges that Dr. Aejaz recorded and caused photographs to be taken of individuals who were nude or unconscious while under anesthesia. [ECF No. 15, PageID.515]. These recordings and photographs were allegedly taken without the consent of the individuals. *Id*. It is further argued that Dr. Aejaz did so willfully, intentionally, deliberately, wantonly, and with actual malice

and intent to harm the individuals; that Dr. Aejaz disseminated the video recordings and that such dissemination was unlawful and serves no legitimate purpose. Criminal charges have also been filed against Dr. Aejaz for this conduct.

It is clear that sexual misconduct does not constitute a professional service within the meaning of a medical professional liability policy. *St. Paul Fire & Marine Ins. Co. v. Quintana*, 419 N.W.2d 60 (Mich. App. 1988). Even if it were not clear, ISMIE specifically excludes coverage for such conduct. See ECF No. 8-4, PageID.375, Exclusions 5-6.

This insurance does not apply:

(5) To the willful or knowing violation of a penal statute committed by or with knowledge of an Insured…Any liability resulting from a criminal or fraudulent act by the Insured, whether or not related to Professional Services and whether or not the Insured was charged with or convicted of any such act.

(6) To any liability arising out of or resulting from either physical abuse, threatened abuse, sexual abuse or licentious, immoral or sexual behavior, whether or not intended to lead to, or culminating in any sexual act, whether caused by an act or omission by, or at the instigation of, or at the direction of, an Insured, his employees, patrons, or any persons whomever, whether under the guise of treatment or otherwise.

ECF No. 8-4, PageID.375. If found liable in the Underlying Macomb County Action or the criminal action, Dr. Aejaz would not be able to claim coverage through the professional insurance policy provided by ISMIE. "A clear and specific exclusion [in an insurance policy] must be given effect, and coverage is lost if any exclusion

13

in the insurance policy applies to the claimant's particular claims." *George H. Rudy Funeral Home, Inc. v. Westfield Nat'l. Ins. Co.*, 735 F. Supp. 3d 850, 858 (E.D. Mich. 2024) citing *Busch v. Holmes*, 662 N.E.2d 64, 68 (Mich. App. 2023) (internal quotations and edits omitted).

Therefore, the Court finds that default judgment as to Dr. Aejaz is appropriate.

There is no contractual relationship between ISMIE and Jane Doe. Declaratory judgment in favor of ISMIE and against Dr. Aejaz would effectively declare that ISMIE is not liable to pay damages owed by Dr. Aejaz to Jane Doe or any other member of the putative class. Declaratory judgment is not appropriate as to Jane Doe. ISMIE has not brought any claim against Jane Doe. Therefore, Jane Doe is dismissed from this matter.

## IV.    CONCLUSION/ORDER

In light of the foregoing,

IT IS SO ORDERED that Plaintiff's Motion for Default Judgment [ECF No. 15] is GRANTED IN PART AND DENIED IN PART.  DEFAULT JUDGMENT IS GRANTED AS TO DEFENDANT OUMAIR AEJAZ and DENIED AS TO DEFENDANT JANE DOE 2.

IT IS FURTHER ORDERED that Defendant Jane Doe 2 is DISMISSED from this matter as there are no pending claims against her.

14

THE COURT DECLARES that Plaintiff ISMIE/SEMPIC has no duty to defend Dr. Aejaz in the Underlying Macomb County Action and that Plaintiff ISMIE/SEMPIC has no duty to indemnify Dr. Aejaz in the Underlying Macomb County Action with respect to any settlement reached or judgment entered against Dr. Aejaz.

SO ORDERED.

s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: October 14, 2025